```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**JERRY HUDLOW**                                                  **PLAINTIFF**

           v.           Civil No. 12-5168

**CITY OF ROGERS, ARKANSAS; and
C. GREG HINES, Individually
and in his Official Capacity
as Mayor**                                                        **DEFENDANTS**

## MEMORANDUM OPINION

Now on this 21st day of October 2013, comes on for consideration **Plaintiff's Corrected Motion for Partial Summary Judgment** (document #32) and **Defendant's Cross Motion for Partial Summary Judgment** (document #36). The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

### BACKGROUND

1. Plaintiff Jerry Hudlow filed this action against the City of Rogers and Mayor C. Greg Hines, alleging that they violated 42 U.S.C. § 1983 and Ark. Code Ann. § 16-123-105 (deprivation of rights) and Ark. Code Ann. § 21-1-601 *et seq.* (Arkansas Whistleblower Act) when they terminated him from his position as City Treasurer.

2. On August 19, 2013, Mr. Hudlow filed his motion for partial summary judgment as to the claims brought under 42 U.S.C. § 1983 and Ark. Code Ann. § 16-123-105. Specifically, he argues that he had a constitutionally protected property interest in his

continued employment as City Treasurer, of which the defendants deprived him without due process.

3. On August 30, 2013, the defendants brought a cross-motion for partial summary judgment in which they argue that Mr. Hudlow cannot recover punitive damages against the City of Rogers or Mayor Hines in his official capacity. They also argue that Mayor Hines is entitled to qualified immunity from the claims brought against him in his individual capacity.

4. In response to the cross motion, Mr. Hudlow concedes that he is not entitled to recover punitive damages against the City of Rogers or Mayor Hines in his official capacity. He contests the remaining arguments.

FACTS

5. These are the undisputed material facts relevant to both motions:

(a) The City of Rogers is a city of the first class, organized and existing by virtue of the laws of the State of Arkansas.

(b) Defendant C. Greg Hines is the Mayor of the City of Rogers. In all of his actions related in these facts, Mayor Hines acted for himself and as an agent for and on behalf of the City of Rogers.

(c) The City of Rogers has a mayor-council form of government.

(d) Arkansas law, specifically Ark. Code Ann. § 14-43-405(a)(1), allows all cities of the first class having a mayor-council form of government to provide, by ordinance, for the election or appointment of their city treasurer.

(e) The City of Rogers enacted ordinances in 1982 and 1997 that provide for the appointment of a City Treasurer by the Mayor and confirmation of the appointment by a two-thirds vote of the elected and qualified members of the City Council. These ordinances are codified at Rogers Code § 2-227.

(f) Mr. Hudlow was appointed City Treasurer for the City of Rogers by its then-Mayor on August 27, 2002. His appointment was confirmed on the same date by a 7-1 vote of the City Council. Mayor Hines, then a member of the City Council, cast the one vote against Mr. Hudlow's appointment. Mr. Hudlow's appointment was effective October 1, 2002.

(g) Mayor Hines was familiar with § 2-227 when Mr. Hudlow was City Treasurer.

(h) Mr. Hudlow took an oath of office as City Treasurer in January 2003 pursuant to Ark. Const. art. 19, § 20, Ark. Code Ann. § 14-42-106, and Rogers Code § 2-228.

(i) Mr. Hudlow was never reappointed as City Treasurer for the City of Rogers but took oaths of office in January 2007 and January 2011.

(j) On May 14, 2012, Mr. Hudlow was called to Mayor Hines'

office at approximately 8:00 a.m., where Mr. Hudlow met with Mayor Hines and City Attorney Ben Lipscomb. Mayor Hines told Mr. Hudlow that he had the option of either resigning or being fired.

(k)  Mr. Hudlow refused to resign, protesting that he had done nothing wrong.

(l)  Mayor Hines then produced and delivered to Mr. Hudlow a letter dated May 14, 2012, which read:

> Please accept this letter as official notification of immediate termination. The City of Rogers is no longer in need of your services. Any and all city owned property in your possession should be returned immediately. Your final paycheck will include the payout of any accrued vacation time.

(m)  Mr. Hudlow told Mayor Hines and Attorney Lipscomb that they were violating the City of Rogers' ordinances by attempting to remove him from office in this manner.

(n)  Attorney Lipscomb responded that he would not debate the question with Mr. Hudlow.

(o)  Mayor Hines then accompanied Mr. Hudlow to Mr. Hudlow's office, where he demanded that Mr. Hudlow give him the City's access reader fob and the key to Mr. Hudlow's office. Mayor Hines threatened to call the police if Mr. Hudlow did not leave the building. Mayor Hines told Mr. Hudlow to "get the f*** out of my building."

(p) Mayor Hines then distributed a "Personnel Action Report," which described the reasons for Mr. Hudlow's termination, to members of the City Council and invited them to contact him.

(q) Mayor Hines subsequently directed Mr. Hudlow to the post-deprivation relief afforded a terminated department head, as provided by Ark. Code Ann. § 14-42-110.

(r) Mr. Hudlow did not appeal his termination to the City Council pursuant to Ark. Code Ann. § 14-42-110.

(s) The City Council was advised to refrain from discussing the termination with Mr. Hudlow without the City's attorney present.

(t) The City of Rogers, through Attorney Lipscomb, justified Mr. Hudlow's termination under Ark. Code Ann. § 14-42-110(a)(1), which reads in pertinent part as follows:

> Mayors in cities of the first class and second class and incorporated towns shall have the power to appoint and remove all department heads....

(u) Mayor Hines testified in a deposition that he fired Mr. Hudlow "[u]nder the executive authority invested in me by the voters of Rogers as the chief executive officer of the city" and "that department heads serve at the pleasure of the mayor."

(v) There is no writing promulgated by the City of Rogers which identifies its City Treasurer as being a "department head."

(w) The defendants have identified nineteen "department heads" within the City of Rogers, including the position held by Mr. Hudlow.

(x) Mayor Hines testified that the City Council confirmed the Mayor's appointments of Treasurer, Police Chief, and Fire

Chief.

(y) However, there are no minutes of the City Council that document the confirmation of the appointments of Police Chief and Fire Chief.

(z) There was in effect on May 14, 2012, an Arkansas statute that provides a procedure for removing appointed city officers. This statute, Ark. Code Ann. § 14-42-109(a)(2), reads

> The council of any city or incorporated town may provide, by proper ordinance, for the removal of any appointive officer upon a majority vote of the council.

(aa) There was in effect on May 14, 2012, an ordinance of the City of Rogers, which reads

> The city treasurer may be removed from office for cause upon a two-thirds vote of the elected and qualified members of the city council.

The ordinance is codified at Rogers Code § 2-234.

(bb) Mayor Hines was aware of § 2-234 when he fired Mr. Hudlow.

(cc) Mr. Hudlow was not removed from office by a vote of the City Council.

(dd) On May 29, 2012, Mr. Hudlow -- by letter to Mayor Hines -- requested a "name clearing" hearing.

(ee) Richard McComas was hired as Mr. Hudlow's replacement as Treasurer. Mr. McComas was appointed by Mayor Hines to the position, and the appointment was confirmed by the City Council.

(ff) The City Council approved Ordinance 13-06 on January 8,

2013. This Ordinance created the position of Director of Finance, which reports directly to the mayor. Ordinance 13-06 replaces "any previously adopted ordinance." Mayor Hines appointed Casey Wilhelm to this position, as Mr. McComas retired as Treasurer in March 2013. The City of Rogers currently operates without an elected or appointed Treasurer.

## DISCUSSION

6. Summary judgment is appropriate only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. **Fed. R. Civ. P.56(a)**. Once the moving party has satisfied its initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set out specific facts showing a genuine issue for trial. **Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)**. If the nonmoving party fails to do so, the moving party is entitled to judgment as a matter of law. **Id.**

### Mr. Hudlow's Motion

7. The arguments in each motion essentially raise the same question: whether, as a matter of law, Rogers Code § 2-234 provides the sole procedure for properly terminating a person in the position of City Treasurer. If so, Mr. Hudlow could only be terminated for cause, and thus, he had a constitutionally

protected property interest in continued employment. **See Bennett v. Watters**, 260 F.3d 925, 927 (8th Cir. 2001) ("**A public employee has a property interest when there are 'contractual or statutory limitations on the employer's ability to terminate an employee,' such as a contractual right to be terminated only for cause.**") But if not, Mr. Hudlow could properly be terminated without cause pursuant to Ark. Code Ann. § 14-42-110(a)(1).

8. To answer this question, the Court looks first to the Arkansas Code. **See Bishop v. Wood**, **426 U.S. 341, 344 (1976) (whether a property interest in employment exists must be decided by reference to state law)**. Arkansas law allows a city of the first class with a mayor-council form of government (like the City of Rogers) to provide, by ordinance, for the election or appointment of its City Treasurer. **Ark. Code Ann. § 14-43-405(2).** It further allows the council of any such city to provide, by ordinance, for the removal of any appointive officer upon a majority vote of the council. **Ark. Code Ann. § 14-42-109(a)(2).**[1]

Pursuant to these statutes, the City of Rogers enacted Rogers Code §§ 2-227 and 2-234. **Section 2-227** states that the City Treasurer shall be appointed by the mayor and confirmed by a vote of two-thirds of the City Council. **Section 2-234** states that the

---

[1]The term of office for a city treasurer is four years. **Ark. Code Ann. § 14-43-405(b).** Pursuant to **Ark. Const. art. 19, § 5,** all officers continue in office after the expiration of their terms until replaced by a successor.

-8-

City Treasurer may be removed from office for cause upon a two-thirds vote of the City Council. These sections are found within Article III, Division 5 of the Rogers Code of Ordinances, which sets out all sections specifically relevant to the position of City Treasurer.

9. By stating that removal pursuant to § 2-234 must be "for cause," it appears the City of Rogers has created a property interest in employment for the position of City Treasurer, which can only be deprived after due process. However, the defendants argue that § 2-234 was not intended to be the only vehicle for removing a City Treasurer. They contend that Ark. Code Ann. § 14-42-110 provides an alternate manner of removing a City Treasurer, without cause.

10. **Arkansas Code Annotated § 14-42-110(a)(1)** provides that a mayor of a city of the first class may appoint and remove all department heads, unless the city council votes, by a two-thirds majority, to override the mayor's action. That this section (titled "Removal and appointment power") is separate from the aforementioned § 14-42-109 (titled "Removal of officers") suggests that the two sections are intended to apply to two different types of positions: officers and department heads.

11. The defendants urge that Mr. Hudlow, as City Treasurer, was a department head and, as such, was subject to the removal provision in § 14-42-110. However, the Rogers Code itself

contradicts that assertion.

**Rogers Code § 2-228** requires a City Treasurer to take an oath of office. The ordinance references **Ark. Const. art. 19, § 20** -- which requires all public officers to take an oath of affirmation before entering the duties of their respective offices -- and **Ark. Code Ann. § 14-42-106** -- which provides, in part, that all municipal officers, whether elected or appointed, must take the oath proscribed for officers by the Arkansas Constitution.

Likewise, **Rogers Code § 2-229** requires a City Treasurer to give a good and sufficient surety bond to the city before entering the discharge of his duties. That section also references § 14-42-106, which further provides that a city council may require its officers to post such a bond. **Ark. Code Ann. § 14-42-106(c).**

Clearly, the drafters of the Rogers Code perceived the City Treasurer as an officer.

12. Based on the foregoing, the Court finds that the Treasurer for the City of Rogers is an officer. The Court further finds that, since the removal of officers and department heads are treated differently under Arkansas law, the removal provisions for a department head in § 14-42-110 are inapplicable to the removal of the Rogers City Treasurer. Therefore, the City Treasurer can only be removed for cause pursuant to Rogers Code § 2-234.

13. As the City Treasurer, Mr. Hudlow could only be removed from office for cause, and only upon a two-thirds vote of the City

Council. Thus, he had a legitimate expectation of continued employment, of which he could not be deprived without due process. **See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985); Bennett, 260 F.3d at 927.**

The "root requirement" of the Due Process Clause has been described as being "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." **Loudermill, 470 U.S. at 542 (quoting Boddie v. Connecticut, 401 U.S. 371, 379 (1971); emphasis in original).** Thus, when a public employee has a constitutionally protected property interest in his employment, due process requires some kind of hearing prior to the employee's termination.[2] **Loudermill, 470 U.S. at 542.**

14. Mr. Hudlow was not afforded a hearing prior to his termination. Therefore, the Court finds that he was deprived -- without due process -- of a property interest in continued employment.

### Defendants' Cross Motion

15. As Mr. Hudlow has conceded the issue of punitive damages against the City of Rogers and Mayor Hines in his official capacity, the remaining issue presented in the defendants' cross

---

[2] As noted in Loudermill, there are some situations in which a post-deprivation hearing would satisfy due process. **See Ewing v. Mytinger & Casselberry, 339 U.S. 594 (1950); N. Am. Cold Storage Co. v. City of Chicago, 211 U.S. 306 (1908).** The case does not present one of those situations.

motion for partial summary judgment is whether Mayor Hines is entitled to qualified immunity on the individual-capacity claims.

16. Qualified immunity is a doctrine that has evolved to protect government officials from liability for civil damages where their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald**, 457 U.S. 800, 818 (1982). The doctrine "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." **Messerschmidt v. Millender**, 132 S.Ct. 1235, 1244 (2012). Even where a constitutional violation has occurred, "[o]fficials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." **Davis v. Hall, 375 F.3d 703, 712 (8th Cir. 2004).**

17. Regarding the property-interest claim, the Court has already determined that Mr. Hudlow's termination was a violation of his constitutional right to due process. The Court now turns to the question of whether that right was clearly established under existing law. To be clearly established,

> [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

**Anderson v. Creighton, 483 U.S. 635, 640 (1987).**

18. Mayor Hines contends that he reasonably believed the City Treasurer was a department head and, thus, he possessed the authority to terminate Mr. Hudlow without cause pursuant to Ark. Code Ann. § 14-42-110(a)(1) -- despite the City's ordinance providing for the removal of the City Treasurer. He argues that, because no state court has ruled on the issue of whether a city treasurer is a department head or an officer, the issue is unclear, and the alleged property right in continued employment has not been clearly established.

19. There is no dispute among the parties that the City of Rogers has a separate division of its code of ordinances dedicated to the position of City Treasurer -- the position Mr. Hudlow held. That code division contains a specific provision for removal, which was codified as early as 1982. The provision clearly contains a "for cause" limitation on removal. The parties agree that Mayor Hines was aware of this provision when he terminated Mr. Hudlow.

However, Mayor Hines argues that the wording of Rogers Code § 2-234 -- that the City Treasurer "may" be removed from office for cause upon a two-thirds vote of the City Council -- indicates that this method of removal was not intended to be exclusive. Indeed, the drafters of the Rogers Code could have used the phrase "may only be removed" to indicate exclusivity, but by using the

word "may," the meaning is left open to varying interpretations.

Further complicating the matter is the fact that the terms "department head" and "officer" are not defined anywhere in the Arkansas Code. While the Court has spent considerable time studying the matter and, thus, has determined that the Rogers City Treasurer is an officer, an official in Mayor Hines' position should not, under the threat of paying damages, be required to anticipate how a judge would apply the maxims of constitutional law -- about which even judges sometimes disagree -- when there is a need for prompt action. **See Habiger v. City of Fargo, 80 F.3d 289, 296 n.4 (8th Cir. 1996).** "Officials with a broad range of duties and authority must often act swiftly and firmly at the risk that action deferred will be futile or constitute virtual abdication of office." **Davis v. Scherer, 468 U.S. 183, 196 (1984) (quoting Scheuer v. Rhodes, 416 U.S. 232, 246 (1974).**

20. In light of the foregoing, the Court finds that whether the Rogers City Treasurer was an officer or a department head was unclear at the time of Mr. Hudlow's termination, and thus, whether Mr. Hudlow had a property interest in continued employment was not clearly established. Therefore, Mayor Hines is entitled to qualified immunity as to the property-interest due process claim.

21. In the cross motion, Mayor Hines further suggests that his offer of a post-termination appeal to the city council satisfied any due process to which Mr. Hudlow was entitled. This

argument appears to address Mr. Hudlow's liberty-interest claim.

22.  "An employee's liberty interest is implicated where the employer levels accusations at the employee that are so damaging as to make it difficult or impossible for the employee to escape the stigma of those charges." **Allen v. City of Pocahontas, Ark., 340 F.3d 551, 556 (8th Cir. 2003) (quoting Shands v. City of Kennett, 993 F.2d 1337, 1347 (8th Cir. 1993))**. When a government employee is deprived of a constitutionally protected liberty interest, he is entitled to procedural due process in the form of a name-clearing hearing held at a meaningful time, during which the employee can respond to the employer's accusations. **Winskowski v. City of Stephen, 442 F.3d 1107, 1110 (8th Cir. 2006)**. The Eighth Circuit has held that a government employee cannot recover for a due process violation where he failed to avail himself of an available post-deprivation remedy. **Id. at 1110–11.**

23.  Mayor Hines makes no argument in this motion that Mr. Hudlow was not entitled to a name-clearing hearing; he simply asserts that, if Mr. Hudlow was so entitled, he failed to avail himself of the process that was available. Essentially, he argues that there was no violation of Mr. Hudlow's right to due process as it relates to a liberty interest.

Assuming without deciding that Mr. Hudlow was entitled to a name-clearing hearing, based on the undisputed facts, the Court finds that such a hearing was not made available to him. Mr.

Hudlow specifically requested a hearing to address accusations against him that were reported to the local news media. (Letter from Hudlow to Hines dated May 29, 2012, document #32-8). In response, he was directed to the appeal procedure provided in Ark. Code Ann. § 14-42-110 -- a procedure designed to address termination with or without cause, not reputation. Thus, the Court finds that Mr. Hudlow's decision not to appeal his termination pursuant to § 14-42-110 does not preclude him from seeking recovery for a liberty-interest due process violation.

**IT IS THEREFORE ORDERED** that **Defendant's Cross Motion for Partial Summary Judgment** (document #36) is **granted in part** as to the issues of punitive damages and qualified immunity, as it relates to the property-interest claim. Mr. Hudlow's claim for punitive damages against the City of Rogers and Mayor Hines in his official capacity are hereby dismissed. Additionally, the property-interest claim against Mayor Hines in his individual capacity is hereby dismissed.

**IT IS FURTHER ORDERED** that **Defendant's Cross Motion for Partial Summary Judgment** (document #36) is **denied in part** to the extent it relates to the liberty-interest claim.

**IT IS FURTHER ORDERED** that **Plaintiff's Corrected Motion for Partial Summary Judgment** (document #32) is hereby **granted in part**. Mr. Hudlow is entitled to summary judgment on his property-interest claim against the City of Rogers and Mayor Hines in his

official capacity. The motion is **denied in part** to the extent it relates to Mayor Hines in his individual capacity, as he is shielded by qualified immunity.

**IT IS SO ORDERED.**

         **/s/ Jimm Larry Hendren**
         **JIMM LARRY HENDREN**
         **UNITED STATES DISTRICT JUDGE**